Collet, J.,
delivered the opinion of the court:
The word land includes not only the face of the earth, but every-. thing under it or over it. He who owns a piece of land, therefore, is the owner of everything underneath in a direct line to the center of the earth and everything above to the heavens. No person can undermine or ovorhang another’s land without violating his rights. 2 B. C. 18. The owner, of the land can convey it, or the profits of it, for such terms and in such parcels as he thinks proper. He can grant the right to take all the minerals underneath, or those twenty feet below the surface only; to dig all the turf, to inhabit a cave, if there is one, to occupy a. room in the third story, to occupy the second story, a room in the first story, or the cellar, or a part of the cellar. By such grants the land does not pass. When the mineral or the turf is exhausted, the grantee has no right even to enter the .premises. When the cave, is destroyed by a convulsion or otherwise, there is nothing that was granted remaining. It is so of the rooms or cellar of a house. The lessees of a middle story of a house are limited above and below as well as on the sides,' yet the land is as necessary to sustain their part of the house as that below. Where the whole of the profits of a piece of land are granted to an individual the land passes. Such a grant manifests such an intention. When, the profits are gone why retain the land ? But when a part only of the profits are granted, the land does not in general pass, although livery is made. Co. Lit. 4, 6. By the grant of a whole house to an individual, unless there are productive ^minerals underneath, the whole profits of the land on which it stands are granted, and the land passes. By the granting of the cellar the whole profits of the land underneath are not parted with, nor by *438 the granting of any one or two rooms when they are overhung by others. It is said by 2 Blackstone, 19, that by the term land anything terrestrial may pass, but by any other term nothing else passes but what falls with the strictest propriety within the meaning of the term used. It has been well said in argument that what passes depends on the intention of the parties, to be collected from the lease. 2 Bac. Ab., Lease, K.
The forms of leases for rooms in the upper stories and for cellars do not vary, that we know of. A clause that the form of the-room or cellar should not be materially altered, would more likely be introduced into the lease of a store-room than of a room above. They would probably look upon a lease conveying a room for the same term, whether on one floor or another, as conveying the same interest. Whole rows of two, three, and four-story buildings, in-the most important parts of a city, are sometimes at once destroyed by fire. Can the lessees of cellars, holding by leases suclv as this, cover themselves in their cellars and prevent the entry of their landlords to reconstruct' the houses ? Can the lessees of basement stories of public buildings, with leases such as this, when the edifices are destroyed by fire, roof the basement story and prevent the agents of the public from entering to reconstruct the edifice? It appears very clear to us that the parties to. such leases do not sojntend.
Upon the whole, the motion must be overruled, and judgment entered on the verdict.