## MOFFATT *vs.* SMITH.

Where lands are occupied by an under tenant of the lessee, the latter may be sued for use and occupation in the same manner as though he were himself the actual occupant.

The assignee of a lease, who has been recognized as such by the tenant, may sue in his own name for the rent, although he has no interest in the reversion.

Thus where a lessor had assigned the lease without the reversion, and the lessee paid rent to the assignee, held that this created such a privity of contract between [127] the tenant and the assignee, that the latter might sue in his own name, for rent subsequently accruing under the lease.

Where there is no agreement on the part of the lessor to repair, the lessee can not,

when sued for the stipulated rent, set up the want of repairs either as a defence or in reduction of the claim.

ASSUMPSIT in the superior court of the city of New York, for use and occupation of a dwelling house in Broadway, tried before Oakley, C. J. in February, 1848. It was proved that Abraham H. Lawrence, by writing dated April 18th, 1845, without seal, leased the premises in question to the defendant Smith, for two years from the 1st of May thereafter. On the 31st March, 1846, Lawrence assigned the lease to the plaintiff, Moffatt; but the assignment did not convey Lawrence's reversionary estate in the land. William Hutchinson, a witness for the plaintiff, testified that the premises were occupied by the defendant's tenant, whose name was Shepherd, and that the defendant had paid rent to the plaintiff in his presence. But on cross-examination, he testified that he did not personally know that Shepherd was a tenant of Smith's, but that he had heard Shepherd say so. The counsel for the defendant moved to strike out the evidence of Shepherd's declaration, which the court refused to do and the counsel for the defendant excepted.

The plaintiff having rested his case, the defendant's counsel moved for a nonsuit on the grounds, 1st. That if the defendant was liable under the evidence his liability arose under the demise from Lawrence, and the suit should have been brought in his name. 2d. Because there was no legal evidence to show a use and occupation of the premises by the defendant, during the quarter for which the suit was brought. 3d. That in judgment of law the defendant was not liable. The court refused to nonsuit, and the defendant excepted. The defendant then offered to prove that while the premises were occupied under the lease, they were untenantable and out of repair, and that the defendant had suffered loss and damage by reason of the neglect of the plaintiff to keep the premises in repair so as to be in a condition fit for use and occupation. This evidence was objected to and excluded. The defendant excepted. The jury found a verdict for the plaintiff for $78,50, being the [128]

quarter's rent due May 1, 1847. The defendant, after judgment in the superior court, appealed to this court.

*N. B. Blunt,* for appellant.

*A. Taber,* for respondent.

RUGGLES, J. Payment of rent by the defendant, Smith, to the plaintiff, was sufficient *prima facie* to show that Shepherd's occupancy of the demised premises was under Smith, the defendant; and the case stands therefore, as if Smith had himself been the actual occupant under the lease from Lawrence.

But the defendant insists that this action can not be maintained in Moffatt's name, because he was not the assignee of the reversion as well as of the rent. It has been settled in England and here, that the assignee of the rent alone, without the reversion, may recover in his own name in an action of debt. (*Allen* v. *Bryan,* 5 *Barn. & Cres.* 512; *Ards* v. *Watkin, Cro. Eliz.* 637, 651; *Demarest* v. *Willard,* 8 *Cowen,* 206; *Willard* v. *Tillman,* 2 *Hill,* 277.) This was on the ground, formerly, that after attornment by the tenant, the privity of contract was transferred to the assignee of the rent. (*Robbins* v. *Cox,* 1 *Levinz,* 22; 5 *Barn. & Cres.* 512, *n.*) Attornment by the tenant is now unnecessary. (1 *R. S.* 739, § 146.) The consent of the lessee was however, in this case, proved by the payment of rent to the lessor's assignee. The lease from Lawrence to Smith, together with the lessor's assignment to the plaintiff, and the payment of rent to the plaintiff, established the relation of landlord and tenant between the plaintiff and the defendant, and brought the case within the terms of the statute which gives the action for use and occupation to any landlord where the demise is not by deed. The plaintiff, by the lessor's assignment became the landlord, under whom the defendant held the demised premises, and the defendant could not dispute his title. The lease of the 18th of April, 1845, and the assignment there- [129] of, were properly admitted for the purpose of showing this relation between the parties; and the previous lease of the

11th of January was also properly received in evidence, to show the duration of the term, in relation to which the latter lease referred to the former.

The offer by the defendant to prove the premises out of repair, was rightly rejected. There was no agreement or obligation on the part of the lessor to repair the premises, and the plaintiff was therefore entitled to recover the amount of rent agreed to be paid.

Shepherd's declaration that he was Smith's tenant, was perhaps not evidence of that fact as against Smith; but if it had been struck out, the case would have been so much the worse for Smith: because it would then have appeared positively, that Shepherd was Smith's tenant. If the defendant had moved to strike out that part of Hutchinson's testimony in which he said that Shepherd was Smith's tenant, he would have been entitled to the effect of his motion. But if that had been the motion, the plaintiff probably would not have objected; and in that case, if the proof had been material he might have supplied it by other evidence. But it was not material. The payment of rent by Smith to the plaintiff was sufficient, of itself, to show prima facie that Shepherd was the occupant by Smith's permission. The decision of the court below, therefore, did not operate to the prejudice of the defendant, nor was it erroneous. The judgment below must be affirmed.

Judgment affirmed.