KELLENBERGER *v.* FORESMAN.

A written instrument acknowledging an amount of money to be due on settlement of accounts, but subject, on a contingency, to a deduction, draws interest, under our statute, upon the amount remaining after the deduction has been made.

As a general rule of law, the landlord is not bound to repair without a special agreement, but the tenant is.

While either party is, legally, and with reasonable diligence, making repairs, the rent still runs against the tenant.

APPEAL from the *Tippecanoe* Circuit Court.

*Friday,
December* 16.

PERKINS, J.—Suit by *Foresman* against *Kellenberger.*

The complaint contains five paragraphs.

The first is upon a written lease of a mill at 800 dollars per year. *Kellenberger* agrees to take good care of the mill and dam, and to keep them in repair, and to clean out the races and keep them clean, except that if he cleaned the races out once in the year well, he was not to be compelled to clean them a second time just before the expiration of his year.

The second paragraph is upon a written instrument, dated *May* 1, 1854, which commences thus: "This day settled all our accounts in full unto this date, and there remained due from *George Kellenberger* to *George Foresman* 426 dollars, 23 cents. Probably there is some bad debts standing out in the above money. If any should be lost in collecting them, the said *Foresman* is to bear his part of the loss, that is, two-thirds of it."

The third paragraph is for use and occupation.

The fourth is for damages for breach of the agreement to keep the mill in order.

The fifth is in the nature of the common counts in the former system of pleading.

The defendant answered by the general denial, and in paragraphs setting up a set-off, and a counterclaim.

Issues of fact were formed and tried, and the plaintiff had judgment.

The Court instructed the jury that the plaintiff was en-

titled to interest upon the face of the above-written memorandum of settlement, which was signed by both parties, except so far as the defendant showed that it included bad debts.    We think this instruction was correct.

The statute enacts that there shall be interest "on money due on any instrument in writing, or on settlement of account."  1 R. S. p. 343.

In this case, the money is admitted to be due by a written instrument, and upon the settlement of accounts. The instrument provides for a deduction to the amount that the consideration may fail, and on that amount there should be no interest.

2. The Court permitted proof of the condition of the races at the time of the expiration of the lease.    There could be no objection to this; but whether that condition would subject the lessee to damages, would be determined by the stipulations in the lease, and the fact as to whether he had cleaned them well once before within the year, and, perhaps, the length of time before its expiration.

3. The defendant offered to prove that the wheel of the mill "was so rotten that it could not be repaired except by a new wheel, and that, before the expiration of the lease, the plaintiff took possession of the mill and made a new wheel, and so occupied the mill in making and putting up said wheel that the defendant could not use said mill for one month before the expiration of said lease." The Court refused the evidence.

We do not see what good the evidence could have done the defendant.    It would seem that the plaintiff might well have desired to offer it as a ground of claim upon the defendant.

As a general proposition of law, the landlord is not bound to repair without a special agreement, while it is the duty of the tenant to keep the premises in repair. Taylor's Land. and Ten. 208.—*Moffat* v. *Smith*, 4 Comst. (N. Y.) 126.

There was no special agreement to keep the mill in repair, on the part of the landlord, in this case.  But if there had been, he would have been entitled to such possession

of the mill as would enable him to make the repairs, and the tenant would not have been entitled to a deduction of rent therefor. So, the tenant, while himself making the repairs, which he was legally liable to make, would not be entitled to a deduction of rent for the time consumed in making the repairs. We do not see how the tenant was injured by the making of repairs by his landlord, without which, as appears by the record, the mill could not have been operated. See, as to eviction of tenant by landlord, and the consequent suspension of rent, *Gilhooley* v. *Washington*, 4 Comst. (N. Y.) 217; *Giles* v. *Comstock, id.* 270; and Taylor's Land. and Ten., p. 247.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. M. La Rue*, for the appellant.

*W. C. Wilson* and *G. Gardner*, for the appellee.