Estep v. Estep.

lowed. After trial and verdict the question, we think, is purely technical.

Judgment affirmed.

---

## ESTEP v. ESTEP.

NOTE—COMPLAINT.—A note was alleged in the complaint to be dated *March* 3, 1858, but the note filed with the complaint bore date *May* 3, 1858, and a demurrer to the complaint was overruled.

*Held*, that the note with its true date appeared upon the record, and the defendant could not be prejudiced by the variance. Page 115.

TENANTS IN COMMON.—Where one uses and occupies the land of which others are tenants in common, the law implies a promise to them to pay a reasonable value for the use of the premises. Page 115.

DEMURRER—PRACTICE.—Special demurrers are not contemplated by the code. Objection to irrelevant matter must be made by motion to strike out.

GRANTOR AND GRANTEE.—A grantee can not retain possession and still defend for want of title in the grantor. Page 116.

LANDLORD AND TENANT.—The landlord is under no legal obligation to keep the premises in condition for proper use and enjoyment. Page 116.

APPEAL from the *Wayne* Circuit Court.

RAY, CH. J.—The appellee was the plaintiff and the appellant the defendant. The complaint consists of four counts. The first and second are each upon a promissory note. The note declared on in the first paragraph is alleged to have been executed by the defendant to the plaintiff on the 3d of *March*, 1858; but the note filed with the complaint bears date *May* 3, 1858. On account of this variance between the date of the note as alleged in the first paragraph, and the date as it appears on the face of the note filed, the defendant demurred to the complaint, but the demurrer was overruled, and he excepted. This exception is not well taken. As the note with its true date was on the record, and constituted a part of the com-

plaint, the defendant could not be prejudiced by the variance; and, moreover, the averment as to the date of the note might have been amended, as, of course, at any time during the trial in the Circuit Court, and will, therefore, be deemed to be amended in this court. 2 G. & H. 104, 105–278, secs. 78, 580. The fourth count states thus: " On the 16th of *March,* 1857, the plaintiff was seized in fee of the undivided one-third part of eighty acres of land, which she held as tenant in common with certain other persons, and on that day the defendant entered upon said land, and continued to use, occupy, and farm the same thenceforward to the 3d of *May,* 1858, when the plaintiff conveyed her interest to him; that the profits of said undivided one-third for the above period were of the value of $150, and the use of the same was worth $150; and that the defendant has never accounted to the plaintiff for said profits, or paid her for use of the same, etc. A demurrer to this fourth paragraph was overruled, and defendant excepted. The only cause assigned in the demurrer is the want of facts sufficient to constitute a cause of action. This demurrer was correctly overruled. The defendant was clearly liable for the value of the use of the premises. The law will imply a promise to pay this reasonable value. 2 G. & H. 36, sec. 14. The defendant attempted to demur specially to the claim for profits asserted in this paragraph. No such demurrer is contemplated in our practice. The question can only be presented by motion to strike out as irrelevant. 2 G. & H. 102, sec. 77. Whether the plaintiff should have made other parties defendants is a point not presented by the demurrer, and we can not consider the argument of counsel thereon.

The defendant filed answer in several paragraphs; to the third and fourth paragraphs plaintiff filed separate demurrers. The third paragraph of the answer alleges that the notes declared on were given in consideration of the conveyance by plaintiff of her interest and title in certain lands, and that plaintiff had at said time no interest or title

in said lands, and has never since acquired any. This answer is defective, as it fails to aver eviction from the premises. A grantee can not retain possession and still defend for want of title in the grantor. The demurrer was properly sustained. The fourth paragraph of the answer charges that plaintiff was indebted to him in the sum of $200 for " certain improvements necessary to the proper use and enjoyment of the premises," made by him as tenant, with plaintiff's knowledge and consent; and he offers to set off this sum against an equal amount of plaintiff's claim. The demurrer was sustained, and we think correctly. The answer does not aver that the improvements were of any permanent or lasting value, or of any benefit to the estate, and fails to aver a promise to pay for them by plaintiff. The law is well established that no such promise will be implied. The landlord is under no legal obligation to keep the premises in condition for "proper use and enjoyment." *Howard* v. *Doolittle*, 3 Duer, 464. In *Gott* v. *Gandy*, 22 Eng. L. & Eq. Rep. 173, *Erle*, J., used this language: "The absence of any general authority, affirming the general duty of a landlord to keep the demised premises in repair, is very strong to show that no such duty exists." It was held, in *Hart* v. *Windsor*, 12 Mees. & Wels. 68. "That there is no contract, still less a condition, implied by law on the demise of real property only, that it is fit for the purpose for which it is let; that there is no implied warranty on a lease of a house or of land, that it is or shall be reasonably fit for habitation, occupation, or cultivation."

The court, after hearing the evidence, rendered a finding in plaintiff's favor for the amounts of the two notes and interest. This finding is fully sustained by the evidence.

Judgment affirmed, with five per cent. damages and costs.

*Bickle & Burchenal,* for appellant.