## Casad *v.* Hughes and Another.

LEASE OF WATER POWER.—COVENANT TO REPAIR.—COUNTER-CLAIM.—Suit by the assignee of the lessor of water power for rent. The lease was of sufficient water to run one saw, &c. Answer, 1. By way of counter-claim, that the plaintiff had failed to keep the dam in repair, to the damage of the defendant, &c. 2. By way of set-off, that before defendant was aware

of the assignment of the lease, he had made certain repairs on the dam, the value of which, by agreement with the lessor, was to be applied upon the rents.

*Held,* that as the lease contained no covenant to repair, the lessor was not bound to maintain the dam.

*Held,* also, that if the set-off pleaded was good as a credit upon the rent, it did not authorize a recovery over against the plaintiff.

APPEAL from the *White* Circuit Court.

RAY, C. J.—This was an action by the appellant, as the assignee of the lessor of certain water power. The claim was for rent due and unpaid.

The appellees answered in five paragraphs. The third paragraph of the answer alleged that the appellant failed to keep the dam across the *Tippecanoe* river in good condition and repair, whereby the appellees were damaged to the amount of $400. A demurrer to this answer was overruled. The lease was of "sufficient water to run one saw in the said mill, and to use one bull wheel, for the purpose of drawing up logs for said mill, but for no other purpose." The lease contained no covenant on the part of the lessor to repair, and no words indicating that such was the intention of the parties. It has been held by this court, that under such an instrument the lessor is not liable for a failure to repair, or for anything short of a *misfeasance. The Trustees of the Wabash and Erie Canal* v. *Brett et al.,* 25 Ind. 409. This point was fully discussed in that case and the authorities cited, and we do not deem it necessary to examine the question again. The demurrer to the third paragraph of the answer should have been sustained.

There was a trial and a finding against the appellant for $400, but one-half of the amount was remitted before judgment. A motion for a new trial was overruled, and judgment rendered. This was error. The fifth paragraph of the answer contained but two items which could constitute a counter claim against the appellant, and they amounted to but $23. The other item was for work done upon the dam, under a contract with the party who executed the

lease, and before the assignment of the lease to the appellant. If the value of the work performed before the assignment of the lease could be insisted upon as a credit upon the rent coming due thereafter, under the lease, still it could not authorize a judgment against the assignee of the lessor.

The judgment is reversed, with costs, and the cause remanded for a new trial, and for further proceedings in accordance with this opinion.

GREGORY, J., was absent.

*S. A. Huff* and *R. Jones,* for appellant.