WOMACK v. McQUARRY.

| 28 | 103 |
| 162 | 237 |

LEASE.—DESTRUCTION OF PREMISES BY FIRE.—In the absence of a covenant to rebuild, a tenant is not relieved of his express contract to pay rent by the accidental destruction of the demised premises, unless it is so stipulated in the lease.

SAME.—LEASE OF PART OF A BUILDING.—The lease of a part of a building, as of a cellar or an upper room, is an exception to this general rule, because by the destruction of the building there remains nothing upon which the demise can operate.

SAME.—Where a lease was made of a saw-mill, and of one room in an adjoining factory, and both the saw-mill and factory were accidentally destroyed by fire, it was held that the lessee was discharged from his obligation to pay rent for the room in the factory, but not for the saw-mill, and that the rent should be apportioned as in case of a partial eviction of a tenant.

APPEAL from the *Decatur* Common Pleas.

FRAZER, J.—The appellant sued the appellee to recover rents. The facts were that the appellant, on the 7th of *March*, 1864, owned a saw-mill and a woolen factory. The two buildings were separate, but side by side. The machinery of both was propelled by water drawn from the pool of one dam, but each had its separate forebay and water wheel. On that day, the saw-mill and one room of the factory building (for a carpenter shop,) which had an entrance from the saw-mill, were leased to the appellee for three years, the appellee agreeing to pay quarterly therefor the sum of three hundred dollars per annum. The appellee took possession of the leased property on the day of the contract; and while in possession, on the 9th of *June* following, both buildings, with their contents, except the water wheels, basements and such parts as were protected by the water, were consumed by a fire, originating in the carpenter shop. In *December* following, *Green & Co.*, real estate agents, caused an advertisement to be published in a newspaper offering the property for sale. *Green & Co.* were authorized by the appellant to sell the property, only subject to the appellee's lease, and the appellant had no part in

framing or publishing the advertisement. The property, however, was not sold. After the conflagration, neither party exercised any manual control of the property leased.

The question presented is, whether, under the circumstances, the plaintiff can recover rent for the premises after the destruction of the buildings by fire? The general doctrine that in the absence of a contract to rebuild, a tenant agreeing expressly to pay rent is not relieved of that obligation by the accidental destruction of the building leased, unless it is so provided in the contract, is so well established and understood that it is needless to refer to the authorities supporting it. There are, however, some comparatively recent cases in which an exception to this rule has been held to exist. *Winton* v. *Cornish*, 5 Ohio 477; *Kerr* v. *Merchant's Exchange Co.*, 3 Ed. Ch. 315; *Stockwell* v. *Hunter*, 11 Met. 448; *Graves* v. *Berdan*, 26 N. Y. 498. This exception applies only to cases where the demise is of part of an entire building, as a cellar or upper room; and it is founded upon the idea that in such cases it is not the intention of the lease to grant any interest in the land, save for the single purpose of the enjoyment of the apartment demised, and that when that enjoyment becomes impossible, by reason of the destruction of the building, there remains nothing upon which the demise can operate. The leading one of those cases, *Winton* v. *Cornish*, presented strong reasons of justice and policy for the ruling; the lessee of a lower room, cellar, or part of a building of several stories, in that case, interposing to prevent the erection of a new structure by the landlord. Had he succeeded, a valuable lot in *Cincinnati* must, in consideration of a yearly rental, probably bearing no reasonable proportion to its value, have remained for over two years unimproved. That no such consequence could have been intended by the parties, it is not easy to controvert. We are satisfied to follow the doctrine of these cases. It is, in the case before us, applicable to the carpenter shop, but not to the saw-mill. It results that the lessee must pay rent for the latter. As

the contract was entire, there must be an abatement of the rent on account of the destruction of the factory. Justice can only be done in the case by apportioning the rent, as in cases where a part of the premises is lost to the tenant by the act of God, or he is evicted of part by title paramount. *Taylor's Landlord and Tenant*, §§ 385, 386.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*J. Gavin* and *G. B. Gryden*, for appellant.

*B. W. Wilson*, for appellee.