| 33 | 529 |
| 126 | 245 |

---

## BIDDLE v. REED.

LANDLORD AND TENANT.—*Repairs.*— *Custom.*—Where a lease contains no covenant on the part of the lessor to repair, he is not bound to do so; and if the lessee makes repairs, he cannot charge the lessor with the cost thereof. Nor can a custom in the locality in which the premises are situated, or in the State, contrary to this rule, be set up by the lessee.

PLEADING.—*Set-off.*—*Account.*—An answer by way of set-off, based upon an account for work and labor, money paid out, and materials furnished, is bad on demurrer, if no account be filed therewith.

APPEAL from the Allen Circuit Court.

DOWNEY, J.—This was an action for rent predicated upon a lease, in which there was no covenant on the part of the lessor to repair.

In the answer there was a general denial, and in addition five special paragraphs. To the special paragraphs demur-

rers were filed, and sustained by the court. The defendant then withdrew the general denial. The damages were assessed by the court, and final judgment was rendered for the plaintiff.

The second paragraph of the answer alleges that by the lease the appellee was bound to repair; that the building became out of repair; that the appellee refused to repair; that the appellant repaired by putting a roof on the building, costing him, and being worth to the appellee, one thousand dollars.

As there was no covenant in the lease by which the lessor undertook to repair, he was not bound to do so; nor could the lessee do it and charge him with the cost of it. 2 Platt on Leases, 183, 195; *The Wabash and Erie Canal* v. *Brett*, 25 Ind. 409; *Womack* v. *McQuarry*, 28 Ind. 103; *Kellenberger* v. *Foresman*, 13 Ind. 475.

The third paragraph alleges the existence, "from time whereof the memory of man runneth not to the contrary," of a custom, in the city of Fort Wayne, where the premises are situated, for lessors to repair, where there is no express covenant to do so in the lease, and on this ground seeks to charge the lessor with the repairs.

The sixth paragraph alleges the existence of a similar custom in the State of Indiana, and on that ground seeks to make the appellee liable.

With reference to the custom alleged to exist in the city of Fort Wayne, it may be said, as was remarked by this court in *Harper* v. *Pound*, 10 Ind. 32, "this would create a body of local laws far more intricate and embarrassing in judicial investigations than the local statutes with which the State was formerly inundated. The recognition of these local usages is, as a general rule, contrary to the public policy of the State. Our constitution and judicial decisions are hostile to local legislation and local customs. The policy of the State is to have all her localities a unit, the same law and the same rule of decision prevailing everywhere throughout the State. Perhaps it is not too much

to say that a good usage or custom in this State should, in addition to the common law requisites, be shown to prevail all over the State, regarded as a single locality."

And as to the customs alleged in both the third and sixth paragraphs, we think they cannot be allowed, for the reason that they are in contradiction of a well established rule of law, repeatedly recognized and applied by this court. In *Cox* v. *O'Riley*, 4 Ind. 368, this court say, "A usage in conflict with plain, well established rules of law is not admissible in evidence in any case, and must be disregarded."

The court did right in sustaining the demurrers to the third and sixth paragraphs.

The fifth paragraph is bad for the same reason for which we held the second bad. It assumes that by the terms of the lease the lessor was bound to repair, which is not shown by the instrument itself.

The fourth paragraph is an ordinary paragraph of set-off based upon an account for work and labor, money paid out, and materials furnished; but no account was filed; and for that reason the demurrer was correctly sustained to it. 2 G. & H. 104, sec. 78.

The judgment is affirmed, with ten per cent. damages and costs.

*L. M. Ninde,* for appellant.