SKILLEN v. THE WATER-WORKS Co. OF INDIANAPOLIS.

LANDLORD AND TENANT.—*Covenant to Repair.—Lease of Water-Power.*—In a lease of water-power, as in other leases, no covenant by the lessor to repair will be implied, where none is expressed.

From the Marion Superior Court.

*N. B. Taylor, F. Rand,* and *E. Taylor,* for appellant.

*A. G. Porter, B. Harrison, C. C. Hines, W. H. H. Miller, C. Baker, O. B. Hord,* and *A. W. Hendricks,* for appellee.

BUSKIRK, C. J.—This was an action by appellant against appellee, based upon a contract made with Henry R. Selden and others, trustees of the Indiana Central Canal Company, on the 20th of March, 1860, to recover damages for an alleged breach of said contract.

It granted, demised, and leased to the appellant, for the term of twenty years from the 1st day of August, 1861, upon the conditions contained therein, " sufficient water from the Indiana Central Canal, in the city of Indianapolis, to furnish motive power for two run of millstones, grinding at the rate of ten bushels per hour each of good, dry white wheat," etc.

The appellant therein, " for and in consideration of the right to the use of said water, and of the premises hereby demised," covenanted and agreed to pay said Selden and others the yearly rent of eight hundred dollars, to be paid in quarterly payments, on the first days of February, May, August, and November; and it was provided, that said appellant " shall not be deprived of the use of water by any act of the parties of the first part or their agents, or by the inadequacy of the supply of water, for more than one month in the aggregate in any one year. And if for the purpose of repairing the canal, preventing breaches, removing bars or other obstructions, or making any improvements to the canal or the works connected therewith, or in consequence of the breaches or the inadequacy of the supply of water, the party of the second part shall be either partially or wholly deprived of the use of any portion of the water-power hereby leased, so as to prevent the operation of any of the hydraulic works usually propelled by the water-power hereby leased, whether for such month or more, such deduction shall be made from the rent, accruing on such portion of the water-power as the said party is so prevented from using, as will bear the same proportion to

the yearly rent thereof, as the time during which the said party has been deprived of its use bears to the eleven months."

It also provides:

"It is expressly understood and agreed by and between the parties, that for the purpose of preventing or repairing breaches, removing obstructions in the prism of the canal, or for the purpose of making any improvements in the canal, the parties of the first part, their superintendent, or any other authorized agent may cause the water to be drawn out of the canal, and to remain out so long as may be necessary to make such repairs or improvements, and to remove such obstructions, subject to a proportionate reduction of rent, as above mentioned."

It is also provided:

"It is further understood and agreed that the delays occasioned either by high water or freezing will be at the risk of the party of the second part, and no diminution of rent shall take place on account of such delay."

The complaint avers that the water was to be used on the real estate of the appellant.

It also avers that on the 1st day of May, 1870, the appellee acquired said canal by purchase and conveyance.

The appellant then alleges the following breaches of his contract:

That on the 23d day of May, 1870, the aqueduct of the canal across Fall creek broke and let the water out of the canal, and the appellant was by that means deprived of water; that it was the duty of the appellee to repair the aqueduct within a reasonable time; that it could have been rebuilt within thirty days, but that the appellee purposely and wilfully failed and neglected to commence the rebuilding for the period of two months after the break, and did not rebuild the aqueduct and let the water into the canal until about the 24th day of November, 1870; that this delay was to enable the appellee to deposit wooden pipes along and in the bottom of the arm of the canal leading from the main channel thereof, along, by, and near the mill of appellant, to White river, to supply the water-works and buildings of appellee, situated near

White river, all which works and buildings were constructed by appellee after the execution and commencement of said lease, and after the assignment of said canal to the appellee; that from the 23d day of May, 1870, to the 24th day of November, 1870, appellant was, by said failure and neglect of the appellee, deprived of the use of water from said canal, upon which his mill was dependent; and that upon the 24th day of November, 1870, when water was let into said canal, through the further gross and wilful negligence and want of care of the appellee, the banks of said canal, between said aqueduct and the feeder dam at Broad Ripple, on said White river, broke and gave away, and the water again ran out of the canal and continued to be out of the same until the 25th day of January, 1871, and during this time the appellant's mill was deprived of the use of water; that in laying the pipes in the bed of the canal, and in constructing the gates and apparatus to flow water to and for the use of said water-works and buildings therewith connected, the appellee did so wilfully and purposely lay and construct the same that a large portion, to wit, one-half the water from said canal, was taken away and used for the purpose of said works and buildings, and the appellant had been and was deprived of the use of the quantity of water agreed to be furnished by said agreement for his mill; that, through said wilful and purposed action of the appellee, the appellant had not, from the 25th day of January, 1871, to the date of the commencement of this action, on the 6th day of August, 1872, one-half the amount of water he was entitled to under said agreement.

Damages in the sum of ten thousand dollars were demanded.

The court, in special term, sustained a demurrer to the complaint, and in general term this judgment was affirmed; this ruling is assigned for error, and presents the only question in the case.

The appellant's argument is as follows: "The superior court in special and general term held, on the decisions in the cases of *The Trustees, etc.,* v. *Brett,* 25 Ind. 409; and *Sheets* v. *Selden,* 7 Wallace (U. S.), 416, that the complaint showed

no cause of action. But we insist that the case made by the complaint is clearly distinguishable from those cases, and that the lease in this case is different from the lease in both said cases. In this case, there is a covenant to furnish certain water-power for a fixed rent for the period of twenty years. There is a further covenant that Skillen was not to be deprived of the use of the water leased by any act of the lessor for more than one month in the year. We leave out ' by the inadequacy of the supply of water,' to make the point clearer. If, however, he was deprived of the use of the water for a longer period, for the purpose of repairing the canal, preventing breaches in the canal, removing bars or other obstructions, or making any improvements to the canal or the works connected therewith, etc., abatement of rent was provided for. And to prevent or repair breaches, remove obstructions, or to make any improvements in the canal, the company or its agent might let the water out, and let it remain out of the canal so long as necessary to prevent or repair, etc., and delays occasioned by high water or by freezing were subject to no deduction. It results, then, that the cases in which the abatement of rent was to be all the relief the lessee was entitled to are distinctly named in the lease; and the acts complained of by the appellant are not of the kind of either of those named, but were wilful and positive acts done to the injury and deprivation of appellant."

The case of *The Trustees, etc.,* v. *Brett, supra,* was reviewed in the case of *Sheets* v. *Selden, supra.* The following extract from the opinion in the latter case will show the ruling in both cases. The court say : " In the case of *The Trustees of the Wabash & Erie Canal* v. *Brett,* 25 Ind. 410, the trustees had leased so much of the surplus water of the canal as might be necessary for the purposes specified. The right was reserved, upon paying for the mill to be built by the lessee, to resume the use of the water leased whenever it might be necessary for navigation, or whenever its use for hydraulic purposes should be found to interfere with the navigation of the canal. It was averred, that the trustees had abandoned that part of the canal,

and suffered it to go to decay, so that the water-power was destroyed, and the plaintiff's mill rendered valueless. The court held that there was no implied covenant to keep the canal in repair, that the express provision for compensation in one case excluded the implication of such right in all others, and that the plaintiff was without remedy. This case, like the one under consideration, was decided upon a demurrer by the defendants. The tendency of modern decisions is not to imply covenants which might and ought to have been expressed, if intended. A covenant is never implied that the lessor will make any repairs. The tenant cannot make repairs at the expense of the landlord, unless by special agreement. If a demised house be burned down by accident, the rent does not cease. The lessee continues liable, as if the accident had not occurred. If, in such a case, the landlord receives insurance money, the tenant has no equity to have it applied to rebuilding, or to restrain the landlord from suing for the rent until the structure is restored. *The Trustees, etc.,* v. *Brett* is an authority strikingly apposite in this case. In the leases set out in the bill, as in the lease in that case, the parties provided but one remedy for a failure of water. That is, an abatement of the rent in proportion to the extent and time of the deficiency. The contract gives none other. Beyond this it is silent upon the subject. This court cannot interpolate what the contract does not contain. We can only apply the law to the facts as we find them."

In support of the ruling in the above case, the following authorities are cited: *Aspdin* v. *Austin,* 5 Q. B. 671; *Pilkington* v. *Scott,* 15 Meeson & W. 657; *Pomfret* v. *Ricroft,* 1 Saunders, 321, note 1; *Kellenberger* v. *Foresman,* 13 Ind. 475; *Mumford* v. *Brown,* 6 Cow. 475; *Moffatt* v. *Smith,* 4 N. Y. 126; *Leeds* v. *Cheetham,* 1 Simons, 146; *Loft* v. *Dennis,* 1 Ellis & E. 474.

The ruling in *The Trustees, etc.,* v. *Brett, supra,* has been adhered to in *Casad* v. *Hughes,* 27 Ind. 141; *Biddle* v. *Reed,* 33 Ind. 529; *Biddle* v. *Reed,* 34 Ind. 379; *Womack* v. *McQuarry,* 28 Ind. 103.

To the same effect are *Estep* v. *Estep*, 23 Ind. 114; *Kutter* v. *Smith*, 2 Wal. 491; *Doupe* v. *Genin*, 45 N. Y. 119.

We think this case cannot be distinguished from the foregoing cases, either as to the facts or the law, and they are decisive of this.

The judgment is affirmed, with costs.