## FISHBACK *v.* WOODRUFF ET AL.

CANAL.—*Water Lease.*—*Forfeiture.*—*Sale of Canal by State.*—The State, through the canal commissioner, for a certain amount of rent reserved, made to the owner of a mill and mill site adjoining the Central Canal, a lease of water to flow from said canal, "so much surplus water, not required for the purposes of navigation," as would propel a certain amount of machinery, stipulating that upon certain contingences, as breaches of the canal, necessity to repair, etc., whereby the lessee should be either partially or wholly deprived of the use of any portion of the water power leased, deduction should be made from the rent in due proportion; the necessary weir, head-race and tail-race to be constructed and maintained by the lessee; and upon non-payment of rent, the lessor was authorized to enter and resume the rights granted to the lessee. Afterwards, the State abandoned the canal as a public work, and sold it, with its privileges and burdens, to certain private citizens, against whom this action was brought by one to whom the title and rights and obligations of said lessee had come, the complaint setting out said lease and showing the transfer to the defendants and the chain of the plaintiff's title, and alleging that a forfeiture had been declared for non-payment of rent, and that the plaintiff had tendered the amount thereof, with interest, to the defend-

ants, and had demanded that they should receive said sum and furnish the water as contemplated in the lease; that they had refused to do so, and had placed obstructions at the head of the race, which prevented the flow of water to said mill. Prayer, that the plaintiff be released from the forfeiture; that the obstructions be removed; and that the defendants be ordered to furnish the supply of water, and for general relief.

*Held*, that said canal was constructed for a public purpose, and the furnishing of water power, as in this case, was a mere incident; that the State might have withheld the supply of water without the breach of any agreement in said lease, and without incurring any penalty except the loss of rent, and the commissioner could not have bound the State by an agreement to the contrary; that the defendants had the same rights in this regard as the State, notwithstanding the change of the canal to private property; and that the complaint was bad on demurrer.

From the Marion Civil Circuit Court.

*L. Barbour* and *C. P. Jacobs*, for appellant.

*T. A. Hendricks, O. B. Hord* and *A. W. Hendricks*, for appellees.

BIDDLE, C. J.—The complaint in this case is founded on a lease of water power, made in 1840, by the State of Indiana, through the agency of the canal commissioner, to Nathaniel West. West was the proprietor of certain mills for spinning and weaving, and the owner of the lands whereon they were situated, which lay adjoining the Central Canal, from which the water was to flow. The water leased was "so much surplus water, not required for the purposes of navigation," as would propel a certain amount of machinery, for a certain amount of rent reserved. It was stipulated that upon certain contingencies, as breaches in the canal, necessity of repairs, etc., whereby the lessee should "be either partially or wholly deprived of the use of any portion of the water power leased, such deduction should be made from the rent" in due proportions. The necessary regulating weir, head-race and tail-race were to be constructed and maintained by the lessee. Upon non-payment of rent, the lessor was authorized to enter upon and take possession of the premises, and resume all the rights granted to the lessee. There were other stipulations in the lease, which, not being

involved in this controversy, we do not recite.    Afterwards, the State abandoned the Central Canal as a public work, and sold it, with all its privileges and burdens, to the defendants below, who are now clothed with all the rights and subject to all the obligations of the original lessor, except that they, being citizens, may be sued, while the State, in its sovereignty, could not.    And a chain of title is shown, by various links, from the lessee to the plaintiff below, who is now clothed with all the rights and subject to all the obligations stipulated in the lease on that behalf.

The complaint sets forth the lease, and avers that a forfeiture was declared for the non-payment of the rent due May 1st, 1860; and that afterwards, on the 13th day of March, 1865, the appellant tendered to the appellees the amount, with interest thereon, and demanded that they should receive the money, and furnish the supply of water contemplated in the lease, which they refused to do.    It is also averred that the appellees placed obstructions at the head of the race, which entirely prevented the flow of water from the canal to said mills.

There is a second paragraph of the complaint, somewhat different in its averments from the first, but both are founded on the lease.

Prayer to be released from the forfeiture, that the obstructions be removed, and the appellees ordered to furnish a supply of water to said mills; and for general relief.

Various pleadings were filed, and issues joined.    The appellant replied to the ninth paragraph of answer to each paragraph of the complaint, and the appellees demurred to the reply for want of sufficient facts.    The demurrer was sustained, exception taken, and judgment rendered on the demurrer for the appellees.    Appeal.

There is no agreement in the lease, on the part of the State, to furnish water power, upon which, if broken, a breach could be assigned; nor was it in the power of the canal commissioner to bind the State to any such agreement.

The canal was a public work, constructed by the public,

for a public purpose. The canal commissioner, who made the lease on behalf of the State, was a public agent, acting under the authority of public law, and known to be such by all persons. The leasing of water power was simply an incident to the canal, not the purpose of its creation; and the lessee must have known the character of the agent, the authority under which he acted, and the purpose for which the canal was constructed. He therefore took the lease subject to the use of the canal and to all the vicissitudes which might attend a public work of this character, such as dilapidation, destruction, abandonment. He could not suppose that the State would keep up the canal for the purpose of furnishing him with water power, if it became inexpedient to maintain it as a public work; nor is there any such agreement in the lease. *The Trustees, etc.,* v. *Brett,* 25 Ind. 409; *Skillen* v. *The Water Works Co., etc.,* 49 Ind. 193; *Sheets* v. *Selden,* 7 Wal. 416; *Sheets* v. *Selden,* 2 Wal. 177.

In leases made by individuals in a private capacity, the lessor is not bound to keep up the tenement or hereditament, unless there is an express agreement to that effect. When buildings are let, and they become damaged or useless, or are burned down, or otherwise destroyed, the lessor is not bound to repair or rebuild, unless by some express agreement. *Kellenberger* v. *Foresman,* 13 Ind. 475; *Estep* v. *Estep,* 23 Ind. 114; *Morse* v. *Maddox,* 17 Mo. 569; and authorities *supra.*

By the lease we are considering, the State could withhold the supply of water without the breach of any agreement, and without incurring any other penalty than the loss of rent. The appellees have the same rights, and are under the same obligations, as the original lessor. The change of the canal from a public work to private property does not change the character of the lease, as it should have been originally interpreted.

In our opinion, the complaint is insufficient, and as the demurrer to the reply reaches back to both paragraphs of the

·complaint, the judgment below, on the whole record, is correct.

The judgment is affirmed, with costs.