No. 10,330.

COOPER ET AL. *v.* ROBERTSON.

REAL ESTATE, ACTION TO RECOVER.—*Evidence of Rental Value.*—*Lease.*—In an action to recover the possession of real property, rents and damages for its detention, tried in May, 1882, no error was committed in allowing proof of its rental value from September 1st, 1881, to September 1st, 1882, for the purpose of showing the amount of damages sustained by its detention from September 1st, 1881, to the time of the trial.

SUPREME COURT.—*Answers to Interrogatories.*—*Brief.*—The Supreme Court

Cooper *et al. v.* Robertson.

will not examine a question raised by a motion for judgment upon answers to interrogatories unless the appellants indicate in their brief why the motion should have been sustained.

SAME.— *Weight of Evidence.*—The Supreme Court will not disturb a judgment upon the mere weight of the evidence.

SAME.—*Erroneous Instructions.*—Where substantial justice has been done, the judgment will not be reversed though erroneous instructions may have been given.

JURY.—*Misconduct of.*—It is not misconduct on the part of a jury, where, after retiring to deliberate upon the case, they go in a body with the sheriff to their meals, in pursuance of a general order to be thus taken, though no such order was made in the case.

From the Dearborn Circuit Court.

*J. K. Thompson* and *W. H. Dowdell,* for appellants.

BEST, C.—The appellee brought this action against the appellants. The complaint consisted of two paragraphs. The first sought to recover the possession of certain real estate leased by the appellee to appellants from the 1st of March to the 1st of September, 1881, and the rent alleged to be due by the terms of such lease. The second sought to recover rent alleged to be due upon a lease of said premises from the 1st of March, 1880, until the 1st of March, 1881, made to appellants by the appellee's husband, who then owned said premises, and who thereafter died, devising all his estate to the appellee. A demurrer for the want of facts was overruled to each paragraph of the complaint.

Issues were formed, a trial had, and a verdict, with answers to interrogatories, was returned for the appellee, awarding her the possession of the property, assessing the damages for its detention at $5, and for rents accrued prior to September 1st, 1881, at $185. A motion for judgment on the first paragraph of the complaint on the answers of the jury to the interrogatories, and a motion for a new trial, were overruled, and judgment was rendered upon the verdict. These rulings are assigned as error.

The only suggestion made as to the insufficiency of the complaint is, that its "averments do not comport with the

terms of the leases, copies of which were filed as exhibits." We have been unable to discover the supposed contradiction, and think there is nothing in the suggestion.

The appellants, in their brief, say that the court should have rendered judgment for them upon the special findings of the jury, but do not indicate why it should have been done. Under these circumstances they can not expect us to examine the question; but, nevertheless, we have done so, and think there is no inconsistency at all between the general verdict and the special findings of the jury.

The motion for a new trial embraced various reasons. These will now be noticed.

The first reason urged is that the court erred in admitting evidence of the rental value of the land from the 1st of September, 1881, to the 1st of September, 1882. The trial occurred in May, 1882, and it is said that this testimony warranted the jury in allowing the appellee rents before they accrued. We think otherwise. This evidence was proper to enable the jury to determine the damages for the detention of the property after the 1st of September, 1881, and this was the only purpose for which it was considered, as the jury did not award any sum for rents after that date. There was, therefore, no error in its admission.

It is next insisted that the verdict of the jury is not sustained by the evidence. The appellee rented the premises in question to the appellants until the 1st of September, 1881, and before the expiration of that time James Cooper desired to rent them for another term. He and the appellee met, agreed, as they supposed, upon another term, and, in pursuance of their understanding, she prepared a written lease which was to be signed by him and John Cooper, his father. The lease was drawn, was for another year, and was handed to him to be by them executed. This was in the early part of August, 1881, and thereafter, during the same month, James Cooper, though notified not to do any seeding until the lease was signed, did plow and sow about twenty-five acres. The

lease was never signed, and he, James Cooper, declined to do so on the ground that it was to run until the 1st of March, 1883. Thereafter this action was brought, and the only disputed question of fact was whether the appellee had not by acquiescence leased the land at least one year longer. The evidence upon this question was conflicting, and that in support of the appellee, if believed, was amply sufficient to justify the verdict of the jury. Under these circumstances we can not disturb the judgment upon the mere weight of the evidence, as has often been decided.

It is next insisted that the damages assessed are excessive. The evidence, we think, authorized the jury to award the amount assessed for rents, and the amount assessed as damages for the detention was much less than the evidence warranted. If this assessment was made, as appellants suggest, because the appellee, by the recovery of the property, gets the benefit of the seeding done by James Cooper, they can not and ought not to complain of the result in this respect, though it may indicate a compromise of some rights involved in the controversy.

A number of the instructions given by the court are criticised, but we are satisfied from an examination of them that they are substantially correct, and were applicable to the case made by the evidence. If they were not, however, it would make no difference, as we are satisfied that upon the assumption that no new lease was made, a fact the jury were justified in finding, substantial justice has been done between the parties, and, in such case, erroneous instructions will not work a reversal of the judgment.

Lastly, it is insisted that the jury misconducted themselves, after retiring to deliberate upon their verdict, by going and getting their supper without the permission of the court. This was not found to be true in point of fact. After retiring, the jury were taken in a body by the sheriff to their supper, and this was done in pursuance of a general order by the court to

the sheriff to take jurors at meal time in a body to their meals. In view of this general order, there was no misconduct upon the part of the jury, though no such order was given in this case. We have now examined all the questions raised, and are of the opinion that there is no error in the record. The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby, in all things, affirmed, at appellants' costs.