Filed Feb. 21, 1884.

---

No. 11,304.

McCrary et al., Trustees, *v.* McFarland, Adminis-
tratrix.

Churches.—*Power of Trustees.—Contract.—Custom.—Evidence.*—The power of trustees of a church to contract is given by statute, R. S. 1881, section 3824, and the custom of a particular church can not abridge this power; hence, in a suit against the church as a corporation upon a contract made by the trustees, evidence that by the custom of the church the trustees could not make the contract is immaterial.

Practice. — *Evidence.* — *Causes for New Trial.* — The *admission* of certain evidence, over objection, was assigned as cause for a new trial. The record showed that the evidence was admitted without objection; but a motion to strike it out was overruled. *Held*, that the cause assigned did not exist.

From the Superior Court of Vanderburgh County.

*A. C. Tanner* and *W. W. Ireland*, for appellants.

*C. L. Wedding*, for appellee.

Bicknell, C. C.—The appellee, who was the widow and administratrix of a Baptist minister, brought this action against the appellants to recover the arrears of her husband's salary as minister of their church. The complaint was in two paragraphs. The first was upon the indebtedness alleged to

be due and unpaid. The second was upon a writing addressed to "Sister McFarland," and signed W. H. Beecher, treasurer, by order of the trustees and deacons of Liberty Baptist Church, reciting the indebtedness, and that McFarland, in his lifetime, had given $150 of the indebtedness to the church if they would pay Sister Eliza Folden $50, and that the church did not pay the $50, and that the trustees had decided to pay "Sister McFarland" $149.40.

The defendants answered in three paragraphs, of which the first was the general denial; the second was a verified denial of the execution of the written instrument sued on, and the third alleged, in substance, that the church owed McFarland $200, and he owed Mrs. Folden $50, and that it was agreed between the parties that the church would pay Mrs. Folden, and then McFarland would give the church the remaining $150, and that then the church assumed the payment of $50 to Mrs. Folden, and she accepted the church as her debtor and released McFarland, and he donated the $150 to the church, which is the same money demanded in the complaint.

The plaintiff replied in denial. The issues were tried by the court who found for the plaintiff $141.90, overruled the defendants' motion for a new trial, and rendered judgment for the plaintiff on the finding. The defendants appealed. They assign as error the overruling of the motion for a new trial.

The reasons for a new trial are:

1st. That the court erred in refusing to permit the defendants to prove the usage and custom of Baptist churches in the creation of debts or liabilities against them as corporate bodies, to wit, that the trustees and deacons of said churches had no authority to contract and bind the church for a debt without first submitting the same to a vote of the church.

There was no error in excluding such testimony. The debt here was not created by any action of the trustees. It existed long before the written acknowledgment of it by the trustees, for salary due the preacher in his lifetime. It

had already been proved to be due, and, besides, the powers of such trustees are given by statute, R. S. 1881, sections 3826 to 3828, and customs and usages in conflict with plain, well established rules of law can not be upheld. *Cox* v. *O'Riley*, 4 Ind. 368; *Biddle* v. *Reed*, 33 Ind. 529.

The second, third and fourth reasons for a new trial are that the finding was contrary to law, and was not sustained by sufficient evidence, and was contrary to the evidence.

But there was evidence tending to show that there was due the pastor for back salary $200; that he proposed to forgive the church the debt if they would pay Mrs. Folden $50; and that they never paid the $50; and there was some testimony that they never accepted the offer, or acted upon it at all. There being evidence tending to sustain the finding, we can not say the finding was contrary to the evidence, or was not sustained by sufficient evidence. *Cooper* v. *Robertson*, 87 Ind. 222.

The fifth reason for a new trial is that " the court erred in permitting the plaintiff, over defendants' objections, to prove that the parties holding the meeting of September 4th, 1882, were the authorized trustees of the Liberty Baptist Church, and also the proof of what was done at the meeting, without exhibiting the record, showing the appointment of the parties as trustees."

But the bill of exceptions shows that all the testimony here referred to was introduced without objection, and that after cross-examining the witnesses who gave the testimony, " the defendants moved the court to strike out all the testimony offered by the plaintiffs, as to what was done and said at the deacons' and trustees' meeting held in September, 1882, for the reason that Liberty Church is a corporation, and as such corporation could only speak from its records," which motion was overruled, to which the defendants excepted.

The fifth reason for a new trial does not correspond with the bill of exceptions, and the proof showed that there was no record kept of the meeting in September, 1882; and it is

not true that a corporation can speak only by its record, either as to the creation or acknowledgment of liabilities upon contract.

We find no error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

