NOVEMBER TERM, 1883.          297

The Louisville, New Albany and Chicago Railway Company v. Shanklin.

No. 11,227.

## The Louisville, New Albany and Chicago Railway Company v. Shanklin.

RAILROAD.—*Killing Stock.—Fence.—Complaint.—*In a complaint against a railway company, for killing stock, it is sufficient to allege, on that point, that the place where the stock entered upon the track " was not fenced."

SAME.—*Time.—Demurrer.—Motion to Make Certain.—*A want of certainty as to time, in such complaint, is reached by motion to make specific, and not by demurrer.

SAME.—*Highway Crossing.— Abandoned Highway.— Instruction.—*Where, in such action, the defendant answers that it could not fence at the point where the stock entered on its track, because of a public highway crossing there, and there was evidence tending to show a previous abandonment of such highway, it was proper for the court to instruct the jury that if, at such point, such highway had been abandoned for over thirty years, it would be the same as though it had never existed.

SAME.—*Burden of Proof.—*As to instructions concerning the burden of proof upon each party, and as to the company's duty to fence, see opinion.

SAME.—*Company's Duty to Fence.—*If there be room to erect a fence between a railroad and an adjoining parallel highway, the railroad company is lawfully bound to fence.

From the Montgomery Circuit Court.

*A. D. Thomas* and *E. V. Brookshire,* for appellant.

*G. W. Paul* and *J. E. Humphries,* for appellee.

BICKNELL, C. C.—The appellee brought this action against the appellant to recover the value of two horses killed by the appellant's train of cars on the line of its railway.

A demurrer to the complaint, for want of facts sufficient, was overruled. The defendant answered in two paragraphs: 1. The general denial. 2. That at the place where the horses entered upon the railway the defendant could not lawfully fence its road, because there was a public highway there. The plaintiff replied, denying the second defence. The issues were tried by a jury, who returned a verdict for the plaintiff for $275; they also returned with their verdict interrogatories and answers thereto, which interrogatories they were required by the court, on motion of the defendant, to answer. The de-

The Louisville, New Albany and Chicago Railway Company v. Shanklin.

fendant moved the court to require the jury to answer interrogatory No. 3 more fully.   This motion the court overruled. The defendant moved for a new trial.   This motion was overruled; judgment was rendered on the verdict; the defendant appealed.   The following errors are assigned:

1. Overruling the demurrer to the complaint.

2. Overruling the motion for a new trial.

The complaint alleged that "where said horses got upon said track of defendant's railroad, the said track of said road was not fenced."

The appellant claims that the allegation should have been that the track was "not *securely* fenced," and that some day should have been named as the time when the road was not fenced.

These objections can not be sustained.   The language of the statute, "not securely fenced," comprehends cases where there is no fence, and if the complaint was not sufficiently specific as to time, such a defect is not reached by a demurrer, but by a motion to make more specific. *Ohio, etc., R. W. Co.* v. *Collarn,* 73 Ind. 261.

The following were the reasons for a new trial:

1. The verdict is not sustained by sufficient evidence, and is contrary to the evidence.

2. The verdict is contrary to law.

3. Error in giving each of the instructions numbered 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10, asked for by the plaintiff, and each of the instructions numbered 1, 2, 3, 4 and 5, given by the court of its own motion, and in refusing to give instruction No. 11, asked for by the defendant.

4. Error in refusing to require the jury to answer more fully interrogatory numbered 3.

The fourth of these reasons for a new trial is not discussed in the appellant's brief, and is, therefore, regarded as waived.

The first four of the instructions, given at the request of the plaintiff, stated, in substance, that a public highway may be abandoned by the public in whole or in part, and thereby

may cease to be a highway in whole or in part, and that if, at the place where the plaintiff's horses went upon the railway, there had once been a public highway, which had been abandoned by the public for over thirty years, then it would stand as if it had never been a highway. There was evidence to which these instructions were applicable, the chief controversy being whether there was a public highway where the horses went upon the railway. There was no error in these instructions. *Jeffersonville, etc., R. R. Co.* v. *O'Connor*, 37 Ind. 95.

The other instructions, given at the request of the plaintiff, relate to the duty of the defendant to fence its road. They state, in substance, that the burden of proof is on the plaintiff to show that the road was not fenced, and on the defendant to show that it was not bound to fence its road at that point; that a railroad company is not liable in such an action as this, if its road ought not to be fenced at the point in question, and is not bound to fence its road at highway crossings, nor at any place where such fencing would interfere with the rights of the public, or the proper management of the business of the railroad; and that if there is a highway running parallel with the railroad, then, if the defendant could have so fenced its road without such interference, by putting the fence even upon its own reservation, or by making cattle-pits at the proper places, it might be liable in an action of this kind if it had no such fence or cattle-pits.

We find no error in any of the instructions given by the court at the request of the plaintiff. *Wabash R. W. Co.* v. *Forshee*, 77 Ind. 158, and cases there cited. The appellant in its brief does not point out any error in the instructions given by the court of its own motion; therefore this part of the third reason for a new trial must be regarded as waived.

The eleventh instruction asked for by the defendant was refused. It was as follows, substantially: If the defendant's track and right of way, and the incidents thereof, occupied the whole of the public highway, still the easement of the public would remain, and the public having the right to use

such easement, the defendant could not lawfully fence its track so as to fence the public out from the right to use said easement. There was no error in refusing this instruction, so far as it asserted the rule that where the public have an easement the railway company can not obstruct such easement by fencing its road. That had already been more clearly asserted in the instructions previously given. We find no error either in giving or refusing instructions.

The first and second reasons for a new trial are that the verdict is not sustained by the evidence, and is contrary to law.

It appeared in evidence that going southward from the town of Linden there was once a highway, leading from Crawfordsville to Lafayette, and that upwards of thirty years ago the defendant was authorized by the proper county commissioners to take said highway for the site of its road for about two miles south of Linden, and about that time built its track upon the centre of said highway throughout said two miles, and has occupied the same ever since. There was evidence tending to show that such occupation made the highway impracticable, by reason of cuttings and filling and ditches, and because in some places the railroad occupied more than the entire width of the old highway, and there was evidence that the public had abandoned said two miles of highway many years ago, and had built another highway in its stead, about a mile westward, and that at the north end of the old highway a fence had been put across it, at the western end of which Mr. White, the owner of the land, had erected and maintained for his own convenience a private gate, through which he was in the habit of passing to some fields of his below; that some of the neighbors whose lands adjoined the railroad would occasionally travel along the railroad on foot and on horseback and with wagons, through White's gate, but not with buggies, owing to the roughness of the way, and that there was a wagon track along the railroad which began at the south end of said two miles, and went northward to White's gate, crossing the railroad four times, the last time

about half a mile south of White's gate, and it was shown that the horses entered upon the railroad track, on the west side of it, between White's gate and the first crossing of the wagon track below the gate, and there was evidence tending to show that even if this wagon track were a public highway there was ample room to fence between it and the railroad all the way from White's gate to said first crossing of the wagon track south of the gate, and that such fence, with a cattle-pit at the crossing, would furnish complete protection. The evidence, however, did not show that this wagon track was a public highway.

The jury, in answer to one of the interrogatories, had stated that the highway had been abandoned by the public, and that a gateway had been erected and used as aforesaid. No objection was made, alleging that this answer was not sustained by the evidence. There was evidence tending to sustain the verdict in every essential point; therefore it can not be disturbed. *Cooper v. Robertson*, 87 Ind. 222. There was no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed March 29, 1884.