No. 829.

## MULL ET AL., EXECUTORS OF WILLIAM MULL, DECEASED, *v.* GRAHAM.

LANDLORD AND TENANT.—*Repairs and Improvements.*—In the absence of any contract on the subject, the landlord is under no obligation to pay for repairs or improvements made by the tenant upon the demised premises.

From the Rush Circuit Court.

*B. L. Smith* and *C. Cambern,* for appellants.

*W. A. Cullen* and *J. D. Megee,* for appellee.

REINHARD, J.—The appellee filed a claim against the estate of appellants' decedent, on an account for repairs and improvements made on the farm of such decedent, occupied by the appellee as a tenant, such work consisting of building sheds, fences, and gates, digging up stumps, repairing barn, cutting briars and bushes, etc. There were also some items of road tax worked out by the appellee, for the decedent, by hauling with his team. The claim amounted to $520.93.

The appellants filed answers consisting of a general denial and set-off of notes and due bills executed by the appellee to said decedent in the latter's lifetime.

No reply seems to have been filed, but we assume that the general denial was in under the statute.

The cause was tried by the court, and there was a finding for the appellee in the sum of $147, for which an allowance was adjudged.

The overruling of appellant's motion for a new trial is the only error assigned, and upon this assignment the question properly arises whether the evidence was sufficient to sustain the finding.

The evidence tends to show that the appellee did the work charged for on the farm, and the working out of the road tax, amounting in all to $437.06. The claim seems to have been reduced to the amount allowed, by the set-off and otherwise.

There is no evidence tending to prove any agreement on the part of the decedent to make the improvements or repairs, or pay for the same, or that the work was done and materials furnished at the instance and request of such decedent. In the absence of any contract upon the subject, the landlord is under no obligation to pay for repairs or improvements made by the tenant upon the demised premises. 1 Taylor Landlord and Tenant, section 335; *Hamilton* v. *Feary*, 35 N. E. Rep. 48; *Purcell* v. *English*, 86 Ind. 34; *Kellenberger* v. *Foresman*, 13 Ind. 475.

There being no agreement by the landlord to pay for the improvements or repairs made, and no implied obligation to pay for the same, nor any evidence that they were made at his request, we are unable to see upon what principle the appellee's right of recovery could be based.

The evidence was probably sufficient to authorize the court to find for the appellee upon the items of road tax worked out, but these were more than counterbalanced by the notes and due bills embraced in the set-off, and which are not disputed by the appellee.

Our conclusion is that the finding should have been for the appellants, and that the court, therefore, erred in overruling the motion for a new trial.

Judgment reversed.

Filed Oct. 31, 1893.